UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ABDUL MEHAMED SIED,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE C. DUKE, et al.,<br><br>Defendants. | Case No. 17-cv-06785-LB<br><br>**ORDER CONTINUING PRELIMINARY-INJUNCTION HEARING AND STAYING REMOVAL OF PETITIONER PENDING COURT'S DETERMINATION OF ITS JURISDICTION**<br><br>Re: ECF Nos. 2, 20, 21 |

## INTRODUCTION

This matter is before the court on petitioner Abdul Mehamed Sied's petition for writ of habeas corpus and motion for a temporary restraining order and/or preliminary injunction to stay his removal to Eritrea pending Mr. Sied's filing a motion before the immigration court to reopen or renew his request for asylum.[1] On November 27, 2017, following an emergency hearing held with counsel for Mr. Sied and counsel for the government, the court granted Mr. Sied's motion for a temporary restraining order staying his removal and ordered briefing on Mr. Sied's motion for a

---

[1] Pet. for Writ of Habeas Corpus to Prevent Removal to Eritrea ("Habeas Pet.") – ECF No. 1; Pet'r's Emergency Req. for Temp. Restraining Order and/or Prelim. Injunction to Stay Removal ("Pet'r's Emergency Req.") – ECF No. 2. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 17-cv-06785-LB

preliminary injunction.[2] On December 4, 2017, the parties exchanged simultaneous briefs, and on December 11, 2017, the court held a preliminary-injunction hearing.

Among other things, the parties dispute whether the court has subject-matter jurisdiction to hear Mr. Sied's petition or issue a preliminary injunction. Because the court is unsure whether it has jurisdiction, it continues the preliminary-injunction hearing until February 8, 2018 and sets a further briefing schedule, as described below. The court stays Mr. Sied's removal pending its jurisdictional determination.

## STATEMENT

In January 2016, Mr. Sied, a citizen of Eritrea, requested asylum in the United States.[3] In May 2016, Mr. Sied's asylum request was denied, and Mr. Sied became subject to a final order of removal.[4] On September 28, 2017, Mr. Sied was detained by U.S. Immigration and Customs Enforcement (ICE) pending removal to Eritrea.[5]

Mr. Sied maintains that the conditions in Eritrea have significantly deteriorated following his detention in September 2017. Among other things, Mr. Sied maintains that on October 31, 2017, a protest broke out in the Eritrean capital, Asmara,[6] and since then, the Eritrean government has begun a crackdown on residents,[7] particularly Jeberti Muslims (of which Mr. Sied is one).[8] Mr. Sied seeks to reopen his immigration case based on a claim of materially changed conditions in Eritrea.[9]

---

[2] Orders – ECF Nos. 11, 14.

[3] Decl. of Abdul Mehamed Sied in Supp. of Pet. for Writ of Habeas Corpus and Emergency Mot. for Stay of Removal to Eritrea ("Sied Decl.") – ECF No. 3 at 3–4.

[4] Pet'r's Request for Judicial Notice ("Pet'r's RJN") ex. A (Order of Removal) – ECF No. 22 at 5.

[5] Sied Decl. – ECF No. 3 at 4.

[6] *See* Pet'r's Mem. Regarding Subject-Matter Jurisdiction; Req. for Stay of Removal or Prelim. Injunction ("Pet'r's Mem.") exs. F–I (news articles and U.S. Embassy security message) – ECF Nos. 21-2 at 32–45.

[7] *See* Pet'r's Mem. ex. H (news article) – ECF No. 21-2 at 41–42

[8] Decl. of Martin Plaut in Supp. of Pet'r's Mem. Regarding Subject-Matter Jurisdiction and Request for Stay of Removal or Prelim. Injunction ("Plaut Decl.") – ECF No. 21-4 at 2–3 (¶¶ 5–6).

[9] *See* Pet'r's Mem. – ECF No. 21 at 9.

ORDER – No. 17-cv-06785-LB 2

On November 27, 2017, Mr. Sied filed this habeas petition, seeking to stay his removal to Eritrea to allow him the opportunity to move to reopen or renew his asylum case, and simultaneously filed a motion for a temporary restraining order and/or preliminary injunction to stay his removal to Eritrea.[10] The court held an emergency hearing that same day, attended by both counsel for Mr. Sied and counsel for the government. The court granted Mr. Sied's motion for a temporary restraining order staying his removal, set a preliminary-injunction hearing, and ordered the parties to confer on a briefing schedule.[11] The parties stipulated to filing simultaneous briefs, which were filed on December 4.[12] On December 11, the court held a hearing on Mr. Sied's request for a preliminary injunction.

In its papers and at the hearing, the government maintained that this court does not have jurisdiction over Mr. Sied's petition and that Mr. Sied's requests for relief should be brought before the immigration court. Among other things, the government maintained that the immigration court provides Mr. Sied with an adequate alternative forum for him to be heard.

Counsel for Mr. Sied agreed that a challenge on the merits of Mr. Sied's case should be brought before the immigration court and said that they plan to file a motion to renew or reopen Mr. Sied's case with the immigration court, but said that they needed to bring a habeas petition before this court to prevent Mr. Sied's removal before the immigration court could hear his merits motion. Counsel said that they had not yet filed their motion with the immigration court because they need more time to sufficiently prepare it: among other things, counsel said that (1) Mr. Sied has been held in detention since September 2017 (i.e., since before the protests in Eritrea in October 2017 giving rise to Mr. Sied's changed-circumstances challenge) and has therefore not been able to aid in the preparation of his motion, (2) counsel had not been able to meet with Mr. Sied in person, and (3) counsel had not been able to obtain Mr. Sied's alien file (the collection of

---

[10] Habeas Pet. – ECF No. 1 at 9–11 (¶¶ 28, 31, Request for Relief para. A); Pet'r's Emergency Req. – ECF No. 2.

[11] *See* Orders – ECF Nos. 11, 14.

[12] Stipulation and Order – ECF No. 19 at 2.

ORDER – No. 17-cv-06785-LB                3

1  documents that the Department of Homeland Security maintains for non-citizens, commonly
2  known as an "A-file") from the government.[13]

The court asked the government whether it would refrain from removing Mr. Sied for any period of time to allow him to file his motions to stay and reopen before the immigration court. The government said that it would not. The government maintained, however, that Mr. Sied could bring a motion to stay his removal before the immigration court, that Mr. Sied appeared to have strong grounds for a stay motion before the immigration court, and that a motion there, rather than a habeas petition here, was the proper avenue for relief. Counsel for Mr. Sied responded that that relief may not be adequate, given that the government might seek to remove Mr. Sied before he was able to file a stay motion before the immigration court and have that motion heard.

The government conceded that if Mr. Sied is removed to Eritrea, he would not reasonably be able to pursue his claims for relief.

The parties also discussed whether Mr. Sied might be transferred to another ICE facility outside of this district. Mr. Sied's original asylum case was filed in the immigration court in Florida. Counsel for Mr. Sied said that their understanding is that they have to file a motion to reopen Mr. Sied's asylum case there, but that they planned to then move to have the case transferred to the immigration court here. Both counsel for Mr. Sied and the government noted that it is possible, however, that the government would transfer Mr. Sied there instead (or otherwise transfer him to an ICE facility outside of this district).

**ANALYSIS**

The government maintains that the REAL ID Act, 8 U.S.C. § 1252(a)(5), (g), divests the court of subject-matter jurisdiction to hear Mr. Sied's petition.[14] The government further maintains that

---

[13] The court asked the government whether it would produce Mr. Sied's A-file. Counsel for the government said that he would have to consult with the relevant agencies. The court requested that counsel provide the court and Mr. Sied's counsel with the government's position by December 13, 2017.

[14] Resp'ts' Opp'n to Pet'r's Mot. for Prelim. Injunction or Temp. Restraining Order to Stay Pet'r's Removal ("Resp'ts' Opp'n") – ECF No. 20 at 7. 8 U.S.C. § 1252(a)(5) provides that "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other

this divestiture of subject-matter jurisdiction is constitutional because the Immigration and Nationality Act (INA) provides for an alternative avenue for relief: administrative review by the immigration courts or the Board of Immigration Appeals (BIA), followed if necessary by judicial review in the appropriate court of appeals.[15] Mr. Sied maintains that 8 U.S.C. § 1252 does not divest the court of jurisdiction to hear his petition.[16] Mr. Sied further maintains that if 8 U.S.C. § 1252 does divest the court of jurisdiction, it violates the Suspension Clause of the U.S. Constitution, because the alternative avenue for relief that it provides Mr. Sied is inadequate.[17]

The jurisdictional issues presented here are not trivial, and it is not clear whether the court has jurisdiction over this matter. Given the complexity of the issues, the court requests the benefit of sequential briefing, where the parties can respond to each other's arguments (rather than the simultaneous briefing that the parties have submitted). As set forth and stipulated between the parties at the December 11, 2017 hearing, Mr. Sied may submit an opening brief in support of his motion for a preliminary injunction on or before December 29, 2017, which should include all of his arguments as to why this court has jurisdiction over this matter. The government may submit a brief in opposition on or before January 12, 2018, which should include all of its arguments as to why this court does not have jurisdiction over this matter. Mr. Sied may submit an optional reply

---

habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)." 8 U.S.C. § 1252(g) provides that "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

[15] Resp'ts' Opp'n – ECF No. 20 at 7 (citing 8 C.F.R. §§ 1003.23(b)(3); 8 U.S.C. §§ 1252(a)(4), (a)(5), (d)(1)).

[16] Pet'r's Mem. – ECF No. 21 at 9.

[17] *Id.* at 9, 23–27.

on or before January 18, 2018.[18] The court continues the December 11, 2017 preliminary-injunction hearing until February 8, 2018, at 9:30 a.m.

Additionally, as the government has declined to stipulate to not remove Mr. Sied while the court determines whether it has jurisdiction, the court finds it necessary to issue a stay of removal to maintain the status quo until it can determine whether it has jurisdiction. "'[A] federal court always has jurisdiction to determine its own jurisdiction.'" *Bodi v. Shingle Springs Band of Miwok Indians*, 832 F.3d 1011, 1018 (9th Cir. 2016) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). Courts also have the authority to grant stays to preserve the status quo while they determine whether they have jurisdiction. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 290 (1947) ("[T]he District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction."). Other courts have applied these principles in the context of immigration cases and habeas petitions that presented similar factual scenarios and similar procedural postures and have issued stays of removal pending jurisdiction determinations. *See Hamama v. Adducci*, No. 17-cv-11910, 2017 WL 2684477, at *3 (E.D. Mich. June 22, 2017). This court does so here as well.[19]

---

[18] The purpose of sequential briefing is so the parties can see and meaningfully respond to each other's arguments and so the court has all of the parties' arguments and responses in one place. To this end, the parties should not assume they can incorporate by reference their prior filings but should include all arguments they wish the court to consider in their sequential briefs.

[19] The court need not determine here whether the traditional factors for issuance of preliminary relief — success on the merits, irreparable harm, balance of harms, and public interest — need be addressed in the context of a stay to maintain the status quo pending a jurisdictional determination, as the court finds that the factors would, in any event, be satisfied here. Mr. Sied has made a showing that there is a substantial chance that he will suffer irreparable harm (torture and death) if he were removed. This risk of harm far outweighs any interest the government may have in executing an immediate removal of Mr. Sied. The public interest is also better served by an orderly process that allows both parties to have their jurisdictional and other arguments be fairly heard. While there is some uncertainty about the success-on-the-merits factor, given the questions as to the jurisdictional issue and other issues, given that the other three factors weigh heavily in favor of Mr. Sied and that Mr. Sied has raised at least serious questions as to the merits, a stay is appropriate here. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) ("'A preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor.'") (quoting and reaffirming *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)); *accord Hamama*, 2017 WL 2684477, at *3 (granting stay in similar circumstances).

## CONCLUSION

For the foregoing reasons, the court continues its preliminary-injunction hearing until February 8, 2018. The court further orders that the government may not remove Mr. Sied from the United States pending the court's determination as to whether it has jurisdiction to hear Mr. Sied's petition. The court further orders that the government may not move Mr. Sied out of the Northern District of California without providing the court and counsel for Mr. Sied two business days' advance notice of the move and the reason therefor.

**IT IS SO ORDERED.**

Dated: December 11, 2017

_____
LAUREL BEELER
United States Magistrate Judge